Good morning, Your Honor. I'm Shan Potts for the petitioner. The issues raised in our case were, there were two issues, whether or not the petitioner was properly found removable. The first issue was whether or not the immigration court properly determined if he had been convicted for a firearms offense, and coupled with that was whether or not he was properly convicted of, whether or not the offense in which he was convicted was a crime of domestic violence. The same issue that's been in front of the court just this morning. If you lose on either one, do you lose? Well, if we prevail on either one, then he prevails because this gentleman was a lawful permanent resident, and he was eligible for cancellation of removal. However, the judge found that there were two crimes involving moral turpitude. It's our position that, regarding the first offense, regarding the firearms- Let me understand what you're saying. Are you saying that it's because there were two crimes of moral turpitude that he was not eligible, so we need both of them? Well, I think today the issue is whether or not, concerning the crime of domestic violence, whether or not it was properly classified as a crime of domestic violence for removal purposes. Okay. And it's our position that it wasn't- There was another crime, too. There was the firearms crime. There was the firearms offense, which deals with uniqueness and special and another issue. Concerning the firearms offense, it was our position that the conviction documents in which the government submitted weren't sufficient on their face. The immigration court relied on probation report in order to establish the nature of the firearm. The probation report was prepared and submitted to the criminal court prior to the plea ever being submitted. So it wasn't something that was adjudicated and it wasn't judicially noticed facts in order to- That probation report we're asserting was not reliable, was not a proper record of conviction. All right. Now, what I'm trying to understand is this. Let's assume for the moment that the firearms conviction was not proper. I mean, it was not properly considered to be a crime that counts. Yes. But the other one was. Yes. Let's say- Let's assume that that's what we thought. As far as related to the nature of the conviction documents. Does it matter? Do you need- Do there need to be two to come to the conclusion that the I.J. came to or is one good enough? There needs to be two, Your Honor. I see. So resolution- Yeah. You say there needs to be two. If only one were charged and it was the domestic violence one, if that is the only one that was charged and the decision was made that this precluded the application for cancellation of removal, that would be enough, wouldn't it, if that was a proper determination? Yes, Your Honor. But that- I believe there needs to be two crimes of moral turpitude in order to make him- in order to make this gentleman removable. He was on a lawful permanent residence. But wasn't that charged as a crime of violence? That is a crime of moral turpitude? I didn't get to the moral turpitude. That wasn't articulated in immigration court's decision. Initially, it was- the firearms offense was charged that he was an aggravated felony and that wasn't upheld because he wasn't a felon in possession of a firearm. And then what we were left with were just two offenses, one the firearms offense and then one- Does that then automatically preclude cancellation of removal so there's not a further step, well, okay, he's had this and now I'll determine in my discretion whether or not he's entitled to cancellation of removal? No, Your Honor. Actually, in this instant case, the petitioner was considered for cancellation of removal and the immigration court denied cancellation of removal in its discretion. Yeah, I know. But he did because of two convictions, the firearm and the domestic violence. Let's suppose we find the firearm conviction would not disqualify him or render him ineligible. Correct. Then he's left with the domestic violence. Correct. I guess my question is does that alone mean he cannot get cancellation of removal or does the I.J. or somebody have to go forward from that and say, now I'm going to exercise my discretion, I find it wasn't that bad? In fact, there was an application for cancellation of removal. It was considered and in the exercise of discretion, it was denied. So on the basis of the two offenses. Yeah, it was denied because he had the two. It was denied based on discretion, based on once evidence was taken and testimony was taken concerning the hardships to the Respondent. Okay. Well, we can check that out. It's our position that concerning the domestic violence, concerning the criminal conviction, it was a California Penal Code 242 and it was delineated 243E, which was a sentencing enhancement. The sentencing enhancement related to the nature of the relationship that was alleged for that sentence. But the conduct, the criminal substantive conduct was simple battery. The United States District Court for the Seventh Circuit has dealt with that issue in a case called Flores v. Ashcroft, wherein it stated that simple battery isn't sufficient despite the domestic relationship to constitute a crime involving domestic violence. Domestic violence as a part of its definition includes a crime of violence. All right. So we've had a lot of this this morning, and therefore, it would be helpful to go to the modified categorical approach with regard right now to the domestic violence. Yes. And in this instance, unlike the others, we know a bit more about, I believe, from the official documents, about precisely what the conviction was for. So could you walk us through that? Well, this conviction was had based on a plea. What initially the charge was for 273.5, which was corporal injury upon a spouse, that was amended to the 242, the simple battery. There were no ñ he pled to this offense. There were no judicially noticeable facts. But it says right on there 242-243 subsection E, and the docket also states that Alvarado was convicted of violence used against a former SP spouse. Yes, but that's the title of 243E, the sentencing enhancement. It doesn't refer to any conduct that the petitioner ñ that was established in criminal court. What happened was that the petitioner pled in criminal court to 242-243E. The nature of actually what took place, the criminal conduct which took place, was never adjudicated in criminal court. It was based upon a plea. So we don't know exactly what took place or what the conduct was. All right. But certainly that at least establishes, unlike in the other cases, that this was domestic. In relation ñ in the domestic ñ there was a domestic violence. So the question is, what about the violence? Now, have you raised the violence issue sufficiently in this case? Well, at the BIA, we addressed that issue. And then the brief ñ the opening brief to the Ninth Circuit, we addressed that issue in a broad ñ in a broad stroke, stating that this offense is not an offense of domestic violence because it doesn't comport to the definition of crime of violence. Where is that in your brief? Well, we raised that in very broad strokes. We didn't go into detail as to the crime of violence argument. The crime of violence requires that there be a use of force and a use of inherently violent force if we look at the case law on this issue. And for a simple battery, it just requires a mere touching, the slightest touching. But none of that argument is in your brief is the problem. Yes. Do I reserve your 40 minutes, 40 seconds? Yes, ma'am. Thank you very much.  The petitioner in this case is an LPR, but he is also a repeat offender. He joined a gang at age 15, and the record shows he has at least seven, not two, sexual assault cases. He was sentenced to serve one year for illegal possession of a firearm by a person with a prior conviction. This is Exhibit 2 at AR-662 and 663. In addition to that, he has ñ  Why is ñ does that meet the categorical offense, given the exception for antique ñ given ñ I gather there's an issue about antique guns and whether they ñ That's just a red herring, Your Honor. I mean, he doesn't ñ there's nothing in the record that supports the fact that he ever had antique guns or ñ But doesn't the requirement run in the other direction? I'm sorry? Doesn't the requirement run in the other direction, that if antique guns would satisfy the state crime but not the Federal crime ñ the Federal category, then it's the government's burden to prove that it comes within the categorical offense? Well, I can tell you I really don't like this categorical offense stuff, but it's there. Yeah. Let's suppose that the government did not show that the possession was not an ñ that the gun was not an antique. There's just no information on whether the gun was or was not an antique. Can I just say one thing in that connection? Yes. It does actually say something in the conviction record that the gun was ordered destroyed, which, again, reasonable inference could be drawn that it wasn't something valuable. I mean, in the sense of antique. Well, you could destroy the antique. Historical value. Let's suppose that, you know, you wash out on that one. But you've got this other finding of ñ and this is a case of removability, as I see it. I was talking about cancellation removal. That hasn't even been raised. You're correct, Your Honor. It's only removability. It's only removability. Yes. And it was shown, according to your argument, that there was a conviction for domestic violence. Three. Now, the petitioner has failed adequately to raise, it appears, a challenge to whether the conviction was one for violence. The modified categorical approach shows that it was domestic. And it kind of looks as if, then, the disability for ineligibility or the requirement of removal would be fulfilled by the one conviction. That's right. Now, since he hasn't asked for cancellation of removal, that's not an issue. Isn't ñ yeah. Is the case over once we find that the person is removable and that's it? Yes. Because he has not raised any issues at all regarding relief, whether cancellation or any other kind of relief before this Court. I see. But he did raise it to ñ he did raise it before the I.J. That's right. But he still has to ñ The I.J. did go through a cancellation analysis. Hold on just a second. If you'll give me a moment. Well, in this case, besides what the I.J. did, this was not affirmed without opinion by the board. There was a board decision. So really, I think the Court needs to look to the board decision here rather than the I.J. decision. But it's true. He did ask ñ he's from Guatemala. He asked for a number of kinds of relief, asylum, withholding, protection under Convention Against Torture, as well as cancellation. And all the forms of relief were denied. And specifically, when the board said ñ just a second. We find the respondent does not warrant any form of discretionary relief available to him because of the significant negative equities attached to his repeated criminal convictions. As I said, there were seven as an adult. This is at AR-3. So would it make any difference to that conclusion if we were to wash out one of the convictions as at least not supporting the removal? We wouldn't wash it out. It occurred. But if the firearms conviction we thought didn't meet the Federal firearms conviction categorical ñ I don't think it would have any bearing on it. I mean, it's still ñ it's a conviction. The board was certainly ñ it seems entirely reasonable to me that the board would say this person has seven convictions. We don't want to give them discretionary relief. We don't want to exercise their discretion favorably. Well, I mean, the board would say it. But the question is has it said it? In other words, do we have to remand on the ground that there's a slightly different circumstance than the one that they were assuming? It just says convictions, and he still has the convictions. It's not like the convictions were somehow pardoned or something. They're still there. What effect is it, the fact that he's not pursued the right to cancellation of removal or at least the entitlement to in this appeal? Does that mean it's gone or does ñ Yes. I mean, he's waived. Wait a minute. He can't. I'm sorry? He can't pursue cancellation of removal, right? We don't have jurisdiction to review cancellation of removal on discretionary grounds. This would be a discretionary ground. Right. That's true, Your Honor. It would fall under the ñ what is it, 2B2? So the only issue is whether something about the facts underlying the discretionary ground has changed sufficiently, that the board should have another crack at it. That's the only ñ it seems to me the only issue. And you may be right that they haven't, but that seems to me really what we're asking you. Does the fact that if we were to view the firearms conviction differently than the board, would that be a reason for remanding to reconsider the cancellation of removal, which we still couldn't review the second time either? But the circumstances may have changed. I think I've already answered that. Yeah. That's interesting because it's purely discretionary with the board whether to grant the cancellation of removal. That's right. But his entitlement or disentitlement to it is a matter of law, I guess. Well, yeah. I mean, there's a number of ñ there's a number of types of relief that are set up that way. There's certain things that can happen that can preclude relief. And so, like, if these things happen, then the fact finder cannot ever reach the question of discretion. Well, suppose he has the one conviction, the domestic violence, and that sticks. I mean, that's good. It's valid. And that would ñ would that preclude any cancellation of removal? Or is it just something for ñ to go into the consideration of whether you grant discretion or not? That would preclude. Preclude. That would preclude cancellation. So the board couldn't do anything. If that one stands, the board can't do anything about canceling removal. Is that correct or am I wrong? That's a bar. It's a statutory bar. You know, if you accept the conviction as a domestic violence conviction, then that's a statutory ñ no, wait a minute. I'm sorry. Just a second. I'm wrong. I'm wrong. That's not true in this case, because this person isn't a non-LPR. If he was a non-LPR ñ lawful permanent resident. Sorry about the abbreviations. Like my other two cases, then it would be. But the immigration law, being as complex as it is, has different sets of bars for lawful permanent residents and non-lawful permanent residents. I see. And this person is a lawful permanent resident. So the only criminal bar that applies to them is aggravated felony. And he's not an aggravated felon. So the board could still exercise its discretion. Even though he has the domestic violence conviction, the board could say, well, in our discretion, we're going to cancel removal. I mean, you say it's not likely with these seven convictions and everything, but. Yeah. I believe that's correct. Okay. Okay. Well, I guess I should just say one other thing in closing. I don't think this particular case needs to be remanded to the board. But it's possible that some of the other cases involving the California battery might require. Let me ask you this. If they were remanded, if ñ let's just say that you didn't succeed on a modified categorical approach, and we said you had to on the other cases, and I neglected to ask you, but I wanted to. Could you then introduce evidence at that time that might satisfy the modified? On remand? Certainly, theoretically. Well, here. If ñ let's just say when you did it initially, you weren't ñ let's just assume that this court is going to tell you on the categorical you don't make it on a 242. All right? If that happens, that's ñ that's different than when you were there before. If it went back, would you then be able to try to satisfy on the modified? Would there be anything that would ñ it's not like ñ it's not ñ it's not like double jeopardy. Right. Double jeopardy wouldn't apply. No. Immigration is civil. But you don't know the answer. I can tell by the look on your face. Okay. I really don't. All right. But in any case ñ All right. I don't need any more then. Okay. Thank you very much. Thank you, counsel. Thanks for the information. That was very helpful. Yes. Thank you, Your Honor. I think you have a little more time. I'll give you another minute. Come on. Your Honor, I think the facts in this case were not properly construed. In this case, the grounds of removal were based on two offenses. It was based on the domestic violence ñ well, the battery offense, which the government asserted was domestic violence, and also based on the firearms offense. But the court still considered cancellation of a removal with all of that back then, right? Yes, Your Honor. So you weren't barred from having that consideration at the time? We weren't barred from having that consideration. The court considered that form of relief and considered the petitioner's equities. It's our position that if, in fact, 242 and California Penal Code 242, simple battery, is not a crime of domestic violence, then the petitioner in this instance would never have been found removable in the first instance. So in that the immigration judge determined that California Penal Code 242 was, in fact, sustained the government's grounds of removability that it was domestic violence. That's why he was found removable. It was true. He had seven convictions. Well, those weren't ñ those convictions weren't the basis of the removal. Only two of the convictions were the basis of the removal. Once again, were they in the alternative or were they cumulative? To remove him as an LPR, did you need both of them or only one of them? The judge needed both of them to remove him, to determine that he was removable. Right. But in that case, he was still eligible for cancellation as well as a mere standard of asylum withholding and convention against torture. Only if the judge considered testimony and those facts and discretion did he deny those forms of relief. But the BIA does say, in considering the cancellation of removal, that even if we got over the eligibility determination, they would deny it on discretionary grounds because he had so many convictions. And whatever we do with the ñ either of the two convictions that underlay the fact that there were convictions. Well ñ So why isn't ñ at the end of the line, don't you lose no matter what? No, Your Honor. Respectfully. Why? Because if this ñ if California Penal Code 242 is determined not to be a crime of domestic violence ñ Then he couldn't have been removed in the first place. He wouldn't have been in that ñ But the firearms crime doesn't have the same effect? No. The court needed the two convictions in order to ñ But what if we were to negate the firearms one but not the domestic violence one? Does that lead to the same conclusion? That I'm not ñ that I'm not sure. But it's our position that both grounds of removal ñ both grounds of removability weren't sustained properly. The second, domestic violence, because that simple battery just ñ Okay. But the only problem there is you don't argue that issue. That's the problem with that. In your briefs. It's just not there. Okay. Thank you very much. Thank you. Thank you. Thank you.
judges: Thompson, Berzon, Callahan